UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DIANNE DOWN,
    Plaintiff

Case No: _____

vs

Judge: HON. _____

ANN ARBOR PUBLIC SCHOOLS,
and
CYNTHIA RYAN,

As to Ms. Ryan, individually and in her official
capacity, and as to all defendants, jointly and severally

    Defendants
_____/

## COMPLAINT AND JURY REQUEST

Plaintiff, by her attorney Jeffrey L. Herron, for his Complaint against the above Defendants states:

### JURISDICTION AND PARTIES

1. This is an action to enforce civil rights arising out of Plaintiff's employment at a public school district, Defendant Ann Arbor Public Schools ("AAPS"). Plaintiff alleges discrimination under the Americans with Disabilities Act 42 USC §12101 et seq. ("ADA"). Plaintiff also alleges retaliation claims pursuant to the ADA and 42 USC §1983 et seq. ("Section 1983"). In a supplemental state law claim, Plaintiff alleges retaliation under to Michigan's Persons With Disabilities Civil Rights Act, MCL 37.1101 et seq., as amended ("PWDCRS").

2. This court has jurisdiction pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343(4).

1

3. Plaintiff is a resident of the State of Michigan, and at times relevant to this complaint resided in the Eastern District of Michigan.

4. Ann Arbor Public School District ("AAPS") is a body politic and corporate organized under the Constitution and laws of the State of Michigan and maintains its principal place of business in the Eastern District of Michigan. AAPS is a municipality for purposes of Section 1983.

5. Cynthia Ryan is a resident of the State of Michigan, residing in the Eastern District, and is an employee of the AAPS.

6. The events giving rise to this cause of action occurred in the Eastern District of Michigan, in Washtenaw County.

7. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within 300 days of the commission of the unlawful employment practices alleged in this claim.

8. Plaintiff has filed this complaint within 90 days of receiving the EEOC's notice of the right to sue.

## BACKGROUND FACTS

9. Although no disability is required under the claims asserted in this Complaint, Plaintiff is a person with a disability within the meaning of the ADA and the PWDCRA, in that she has a physical impairment which substantially limits one or more major life activities, has a record of such impairment, and was regarded as having such an impairment by Defendants. Plaintiff's physical impairment is tinnitus. Moreover, Plaintiff was regarded as having such a mental impairment by Defendants

10. Plaintiff is a teacher employed by AAPS.

11. Defendant Ryan is the Executive Director of Human Resource Services at AAPS and is a senior official at AAPS responsible for significant aspects of developing and implementing the AAPS's human resource policies and procedures.

12. On or about December 10, 2013, Plaintiff was placed on an unrequested administrative leave.

13. On or about December 11, 2013, Defendant Ryan informed Plaintiff that she must undergo a medical evaluation, then scheduled for January 10, 2014.

14. Plaintiff asked the reason for the medical exam but was given no reason other than a general statement that AAPS had concerns.

15. Plaintiff later received a letter from Defendant Ryan informing her the exam would be with Dr. Gerald Williams at the Delta Family Clinic.

16. Gerald Williams is not a physician but is a PhD psychologist and the Delta Family Clinic, which is not a family medicine clinic but a psychiatric/psychological practice.

17. At the time Plaintiff was placed on leave, she had attended work regularly, and had not exhibited symptoms or behaviors which would make a medical exam necessary.

18. Plaintiff believed the proposed psychological examination violated her Constitutional rights and that the employment actions taken against her conditioned on the psychological examination violated the PWDCRA.

19. Plaintiff filed an action in this Court in January 2014, asserting claims under Section 1983 and the PWDCRA, and seeking a temporary restraining order and preliminary injunction. (E.D. Mich 2:14-cv-10086, Hon. Nancy Edmunds, the "2014 Action").

20. The defendants in the 2014 Action were AAPS and Cynthia Ryan, the Defendants in this action.

21. After Plaintiff filed the 2014 Action, AAPS cancelled the examination for an approximately period of five months but kept Plaintiff on unrequested administrative leave.

22. In or about May 2014, AAPS indicated that it would proceed with the examination. In response, Plaintiff renewed her motion for preliminary injunction in the 2014 Action.

23. In July 2014, following a hearing, this Court denied Plaintiff's request for a preliminary injunction in the 2014 Action.

24. Notwithstanding the Court's decision on preliminary injunction, Defendants did not proceed with the examination at that time.

25. Defendants waited until fall, 2015 to schedule the examination, which began on or about October 30, 2015.

26. The results of the examination results were not made known to Plaintiff until spring, 2016.

27. The examination results revealed that there was no psychological basis to keep Plaintiff from teaching.

28. Notwithstanding the favorable results of the psychological examination, Defendants refused to return Plaintiff to a teaching job at the AAPS.

29. Instead, Defendants, on sharing the written results of the examination with Plaintiff, removed her from administrative leave pending a medical exam and converted her status to an administrative leave, ostensibly to investigate allegations of wrongdoing.

30. Plaintiff has been out of the work place since being placed on leave for the medical examination in December 2013. Plaintiff has engaged in no new workplace conduct since that time, and therefore no workplace misconduct.

31. On information and belief, while Plaintiff was on leave pending the medical examination, there were no new allegations made to Defendants of any alleged misconduct by Plaintiff.

32. During the first three months of the 2013-14 academic year, Defendants, along with other AAPS administrators, conducted a thorough investigation of any pending and all past complaints or allegations of misconduct against Plaintiff.

33. On conclusion of the investigation, in November 2013, Plaintiff received a written reprimand with conditions she must follow under threat of additional discipline.

34. Plaintiff was not removed from her teaching assignment, placed on a performance improvement plan, or otherwise disciplined.

35. Plaintiff was not required to submit to a medical examination at the conclusion of the investigation or upon issuance of the reprimand.

36. Certain parents of Plaintiff's then-current students were dissatisfied that Plaintiff had not been terminated or reassigned, and on leaning that the reprimand was the only discipline that would occur, those parents complained further, threatened to make a public appearance before the AAPS school board, and indicated they were consulting lawyers.

37. The complaints by the parents following issuance of the reprimand did not concern any alleged conduct by Plaintiff that followed the reprimand. Plaintiff at all times complied with the conditions of the reprimand.

## COUNT I
## ADA – UNLAWFUL MEDICAL EXAMINAITON

38. Plaintiff incorporates by reference paragraphs 1 through 37.

39. Plaintiff is a person with a disability within the meaning of the ADA.

40. Defendant AAPS is a "person" and an "employer" within the meaning of the ADA.

41. Defendant AAPS unlawfully discriminated against Plaintiff in violation of the ADA by requiring her to undergo a medical examination which was not job-related nor consistent with business necessity.

42. The psychological examination carried great stigma and harmed Plaintiff.

43. Defendant AAPS' actions were intentional, and made with reckless indifference to Plaintiff's rights and sensibilities.

44. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits

6

and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT II
## RETALIATION - DISABILITY
## (PWDCRA)

45. Plaintiff incorporates by reference paragraphs 1 through 44.

46. Defendant AAPS is an "employer" of Plaintiff for purposes of the PWDCRA.

47. Defendant Ryan, at all relevant times, had been a senior officer and manager of AAPS, and was disposed to retaliate in violation of the PWDCRA.

48. In the 2014 Action Plaintiff expressly asserted her rights under the PWDCRA.

49. Following the dismissal of the 2014 Action, Defendants retaliated against Plaintiff for bringing the 2014 Action.

50. Defendants' retaliation included, but is not limited to, placing her on administrative leave, ostensibly to investigate wrongdoing, when there were no new allegations of wrongdoing by Plaintiff, and where Defendants had completed, or reasonably should have completed, any investigations of any alleged wrongdoing by Plaintiff that occurred prior to Plaintiff being placed on leave in December 2013.

51. Defendants' retaliation included, but is not limited to, threatening a tenure action against her and termination of her employment, in May 2017, when Defendants had no actual intention to proceed with tenure charges or to terminate her employment and where the alleged misconduct supporting the tenure charges was the same conduct the Defendants had previously determined warranted only a written reprimand in November 2013.

7

52. Defendants' retaliation included, but is not limited to, refusing to return Plaintiff to a teaching position upon receipt of the results of the psychological examination, permitting and/or conspiring with AAPS' appointed psychologist to delay production of a written report of the examination, delaying Plaintiff's access to records of her continuing education in an effort to prevent her from renewing her teaching certification, refusing to provide training mandated by Michigan state law, and refusing to certify Plaintiff's continuing education hours to the State of Michigan.

53. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

54. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

### COUNT III
### RETALIATION - DISABILITY
### (ADA)

55. Plaintiff incorporates by reference paragraphs 1 through 54.

56. Defendant AAPS is an "employer" of Plaintiff for purposes of the ADA.

57. Defendant Ryan, at all relevant times, had been a senior officer and manager of AAPS, and was disposed to retaliate in violation of the PWDCRA.

58. In the 2014 Action Plaintiff repeatedly asserted that the propose medical examination would violate the ADA, and indicated that if the examination took place she would assert a claim under the ADA

59. Following the dismissal of the 2014 Action, Defendant AAPS retaliated against Plaintiff for bringing the 2014 Action, including Plaintiff's opposition to the examination under the ADA and her threat to bring and ADA claim if the examination took place.

60. Defendant AAPS' retaliation included, but is not limited to, placing her on administrative leave, ostensibly to investigate wrongdoing, when there were no new allegations of wrongdoing by Plaintiff, and where Defendants had completed, or reasonably should have completed, any investigations of any alleged wrongdoing by Plaintiff that occurred prior to Plaintiff being place on leave in December 2013.

61. Defendant AAPS' retaliation included, but is not limited to, threatening a tenure action against her and termination of her employment, in May 2017, when Defendants had no actual intention to proceed with tenure charges or to terminate her employment and where the alleged misconduct supporting the tenure charges was the same conduct the Defendants had previously determined warranted only a written reprimand in November 2013.

62. Defendant AAPS' retaliation included, but is not limited to, refusing to return Plaintiff to a teaching position upon receipt of the results of the psychological examination, permitting and/or conspiring with AAPS' appointed psychologist to delay production of a written report of the examination, delaying Plaintiff's access to records of her continuing education in an effort to prevent her from renewing her teaching certification, refusing to provide training mandated by

Michigan state law, and refusing to certify Plaintiff's continuing education hours to the State of Michigan.

63. Defendant AAPS' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

64. As a direct and proximate result of Defendant AAPS' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT IV
## RETALIATION – FIRST AMENDMENT
## (SECTION 1983)

65. Plaintiff incorporates by reference paragraphs 1 through 64.

66. Defendants are state actors under Section 1983.

67. Defendant Ryan, at all relevant times, had been a senior officer and manager of AAPS, and was disposed to retaliate in violation of the PWDCRA.

68. In the 2014 Action Plaintiff expressly asserted her rights under the Constitution and accessed this Court to assert her right under the PWDCRA.

69. Following the dismissal of the 2014 Action, Defendants retaliated against Plaintiff for bringing the 2014 Action.

70. Defendants' retaliation violates her rights under the First Amendment of the Constitution to petition the government for redress and to access the Courts.

71. Defendant's retaliation included, but is not limited to, placing her on administrative leave, ostensibly to investigate wrongdoing, when there were no new allegations of wrongdoing by Plaintiff, and where Defendants had

10

completed, or reasonably should have completed, any investigations of any alleged wrongdoing by Plaintiff that occurred prior to Plaintiff being place on leave in December 2013.

72. Defendant's retaliation included, but is not limited to, threatening a tenure action against her and termination of her employment, in May 2017, when Defendants had no actual intention to proceed with tenure charges or to terminate her employment and where the alleged misconduct supporting the tenure charges was the same conduct the Defendants had previously determined warranted only a written reprimand in November 2013.

73. Defendants' retaliation included, but is not limited to, refusing to return Plaintiff to a teaching position upon receipt of the results of the psychological examination, permitting and/or conspiring with AAPS' appointed psychologist to delay production of a written report of the examination, delaying Plaintiff's access to records of her continuing education in an effort to prevent her from renewing her teaching certification, and refusing to provide training mandated by Michigan state law, refusing to certify Plaintiff's continuing education hours to the State of Michigan.

74. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities, and were taken with malice.

75. On information and belief, Defendant AAPS maintains a practice and custom of retaliation against employees who assert their civil rights when the oppose medical testing of employees in violation of federal statutes and Constitutional

protections against unlawful public employer mandated medical examinations.

76. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## RELIEF REQUESTED

PLAINTIFF REQUESTS that this court enter judgment against Defendants, jointly and severally, to the extent permitted by law, and provide relief as follows:

1. Equitable relief

    a. injunctive relief requiring that Plaintiff be reinstated to a teaching position at AAPS.

    b. injunctive relief prohibiting future retaliation.

    c. injunctive relief mandating that all records relating to medical examination be expunged from Defendants files.

    d. injunctive relief proscribing future medical examinations of AAPS employees unless such examinations are job related and consistent with business necessity.

    e. such further preliminary and final injunctive relief as deemed warranted by the Court,

2. Legal relief

    a. a judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled

b. compensatory damages in whatever amount she is found to be entitled

c. punitive and exemplary damages to the extent permitted by law

d. an award of interest, costs, and reasonable attorney fees

## JURY REQUEST

Plaintiff requests a trial by jury.

Dated: October 23, 2017                Respectfully submitted,

/s/ Jeffrey L. Herron____

Jeffrey L. Herron (P38058)
Attorney for Plaintiff
440 Burroughs St. Suite 606
Detroit, MI 48202
(734) 277-0913

13