UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANNE DOWN,

      Plaintiff,

v.

ANN ARBOR PUBLIC SCHOOLS,
CYNTHIA S. RYAN, AND DAVID COMSA,

      Defendants.

Case No. 17-13456

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE [51], PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES [52], AND PLAINTIFF'S MOTION TO SEAL EXHIBIT TWO [54]**

The matter is before the Court on Plaintiff's motion for an extension of time to file a response to Defendants' motion for summary judgment. (Dkt. 51.) Defendants oppose the motion. (Dkt. 55.) Also pending before the Court are Plaintiff's ex parte motion for leave to file excess pages and Plaintiff's ex parte motion to seal exhibit two to her response. (Dkts. 52, 54.) For the reasons set forth below, the Court DENIES Plaintiff's motions.

**I.    Background**

This is the second civil rights action Plaintiff Dianne Down has filed against her employer in this Court. In her first lawsuit, Plaintiff sought an injunction prohibiting Defendants from requiring her to submit to a mental health examination. The Court denied Plaintiff injunctive relief and ultimately entered summary judgment in favor of Defendants on both Plaintiff's claims under the Fourth Amendment and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"). *See Down v. Ann Arbor Pub. Sch.*, 29 F. Supp. 3d 1030, 1044 (E.D. Mich. 2014); *Down v. Ann Arbor Pub. Sch.*, No.

1

14-10086, 2015 U.S. Dist. LEXIS 128982, at *16 (E.D. Mich. Sept. 25, 2015). In this suit, Plaintiff alleges Defendants retaliated against her for filing her first lawsuit in violation of the PWDCRA, the Americans with Disabilities Act, and the First Amendment.[1]

On March 3, 2020, Defendants moved for summary judgment. (Dkt. 45.) Under Eastern District of Michigan Local Rule 7.1, which gives a party twenty-one days to respond to a dispositive motion, Plaintiff's response was due on March 24, 2020. Rather than file a response, on that day, Plaintiff filed her first motion for an extension, requesting an additional one week to file a response. (Dkt. 47.) The Court granted that motion. Plaintiff did not file a response by the new deadline. Instead, approximately five weeks later, on May 6, 2020, Plaintiff brought her second motion for an extension of time to file a response, requesting that she be given until May 11, 2020 to file her response. (Dkt. 48.) The Court granted Plaintiff's motion, but Plaintiff once again failed to file her response.

In a supplemental filing, on May 14, 2020, Defendants asserted that while they were sympathetic to the circumstances surrounding the delays in the filing of Plaintiff's response to their motion, Plaintiff should not be granted any further extensions in light of the delays that have hindered the litigation between the parties.[2] (Dkt. 49.) Plaintiff filed a supplemental filing in response to this brief, conceding that Defendants'

---

[1] A number of additional claims brought by Plaintiff were dismissed by the Court upon Defendants' motion for a judgment upon the pleadings. (Dkt. 27.)
[2] One of those delays includes an approximate three-month delay in filing a response to Defendants' motion for a judgment on the pleadings and motion to dismiss in this case. (*See* dkt. 21.)

2

underlying concern is valid. (Dkt. 50.) She stated that she would file her response by May 21, 2020, along with a contemporaneous motion for a further extension of time.

On May 26, 2020, Plaintiff brought the motion before the Court, stating she would file her response by the end of the day. (Dkt. 51.) Plaintiff's response and accompanying exhibits were ultimately filed on May 27 and 28, 2020. (*See* dkts. 53, 56, 57, 58, 59, 60.)

## II.     Legal Standard

Under Federal Rule of Civil Procedure 6(b)(1),

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Whether a party has established excusable neglect involves a balancing of five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In making this equitable determination, the Court takes into account "'all relevant circumstances surrounding the party's omission.'" *See id.* at 523 (quoting *Pioneer Inv. Servs.*, 507 U.S. at 395).

## III.    Analysis

This is Plaintiff's third motion for an extension of time to file her response to Defendants' motion for summary judgment. Plaintiff's first request for an extension was

3

predicated upon the "abrupt closing" of her counsel's office due to the COVID-19 pandemic. (Dkt. 47.) In her second motion for an extension of time, Plaintiff asserted that her counsel had been ill and that his recovery was slow but that the response was "nearing completion." (Dkt. 48.) Here, Plaintiff again refers to her counsel's slow recovery. (Dkt. 51.) She indicates that his symptoms have worsened and states he is working to schedule a surgery but concedes that the surgery remains elective at this point. (*Id.*) Plaintiff also discusses an "inability to access certain digital exhibits" due to the COVID-19 shutdown and states that she has returned from her "planned holiday trip to northern Michigan." (*Id.*)

While Plaintiff's first motion for an extension was brought before the original time had expired, both the second and current motions were brought well after the (new) deadlines had passed, necessitating both a showing of good cause and excusable neglect. *See* Fed. R. Civ. P. 6(b)(1). The Court finds that Plaintiff has shown neither.

The Court has empathy for counsel's health concerns,[3] which led it to grant Plaintiff's last request for an extension. However, Plaintiff's recurring requests, along with the evolving reasons advanced for the delay, indicate a lack of respect for the Court's deadlines and lead the Court to question whether Plaintiff has acted in good faith. Plaintiff assured the Court in her second motion for an extension that her response would be completed and filed by May 11, 2020, and, yet, she did not file it until over two weeks later after going on a trip to northern Michigan. Therefore, the reasons for the delay and whether the delay was within reasonable control of the

---

[3] Plaintiff did not provide the Court with any detail or evidence to substantiate her counsel's illness.

4

moving party weigh heavily against a finding of excusable neglect. With regard to the length of the delay, the extension Plaintiff currently seeks is not particularly lengthy, but this case has been dogged by numerous delays and has gone on for over two-and-a-half years. *See Nafziger*, 467 F.3d at 523 (finding the district court properly considered "numerous instances of 'previous dilatory conduct'" in finding the late-filing party had not shown excusable neglect). Thus, even though a further extension may not be prejudicial to Defendants, taking into account all of the relevant circumstances, the Court finds that Plaintiff's behavior constitutes inexcusable neglect and denies her request for an additional extension of time to file a response.[4]

### IV. Conclusion

For the above-stated reasons, Plaintiff's third motion for an extension of time to file a response to Defendants' motion for summary judgment is DENIED and her response and accompanying exhibits are STRICKEN from the Court's docket. Because the Court is denying Plaintiff leave to file her response brief, Plaintiff's ex parte motion for leave to file excess pages and her ex parte motion to seal exhibit two to her response brief are DENIED as moot.

SO ORDERED.

                                       s/Nancy G. Edmunds
                                       Nancy G. Edmunds
                                       United States District Judge

Dated: June 1, 2020

---

[4] The Court notes that while it is denying Plaintiff's motion for an extension to file her response, it will not enter summary judgment in favor of Defendants unless it is satisfied that their motion and supporting materials show that they are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. The Court will therefore address Defendants' motion for summary judgment in a future opinion and order.

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 1, 2020, by electronic and/or ordinary mail.

                        <u>s/Lisa Bartlett</u>
                        Case Manager